(Reap. Dec. 9094)

JOHN A. CONKEY & CO., A/C GILLESPIE-ROGERS-PYATT CO., INC. *v.* UNITED STATES

Entry No. 5611.

(Decided March 14, 1958)

*Henry L. Ziegel* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

LAWRENCE, Judge: This appeal for a reappraisement pertains to an importation of number 4 second-quality mica film, exported from Calcutta, India, on December 6, 1950.

The merchandise was appraised on the basis of foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), at rupees 35–0–0 per pound, packed.

Plaintiff does not dispute the basis of value, but contends that the freely offered price on or about the date of exportation was rupees 30–0–0 per pound, f. o. b. Calcutta, at which price the merchandise was entered.

Frank F. Watts, manager of the mica department of the Gillespie-Rogers-Pyatt Co., actual importer of the merchandise before the court, was called to testify on behalf of plaintiff. He stated that the mica film in issue was ordered on September 11, 1950, at a price of 29 rupees per pound. Subsequent orders were placed on October 26, 1950, and on February 6, 1951, at 30 and 35 rupees per pound, respectively. He did not know of any higher price for the goods than 30 rupees per pound between October 26, 1950, and the date of exportation of the instant merchandise, December 6, 1950. All orders referred to related to number 4 second-quality mica film. On November 30, 1950, an order was placed with the same supplier for number 4 first-quality mica film at a cost of 45 rupees per pound. As to this order, the witness was interrogated as follows:

X Q. Isn't it a fact that there was an approximate differential of 10 rupees between number 4 first and second quality at that time?—A. That would not necessarily apply. Actually the value is determined more by supply and demand than any fixed ratio between first and second quality.

X Q. I didn't intend to imply there was a fixed ratio. At that time wasn't it approximately a 10 rupee difference?—A. I don't recall the previous price on number 4 first quality. There may have been a difference of 10 rupees per pound prior to that.

As plaintiff's exhibit 1, there was received in evidence an affirmation, signed by the director of Chatturam Horilram, Ltd., reading as follows:

We, Chatturam Horilram Ltd. of P. O. Jhumri Telaiya, Dist. Hazaribagh, Bihar, India, through our Director, Mr. Harihar Prasad, do hereby solemnly state and affirm that the price of No. 4 2nd quality Ruby Mica Films shipped to Boston (U. S. A.) on 6th December, 1950, was Rs. 30/- per lb. F. O. B. Calcutta on or about the date of shipment.

The only evidence offered on behalf of defendant was an affidavit of Examiner Dennis J. Kelly, received in evidence as defendant's exhibit A, the contents of which are here set forth:

Dennis J. Kelly, being duly sworn, deposes and says that he is an Examiner of Merchandise at the port of New York, and examines merchandise known as mica films and other articles.

That information available in the Appraiser's office in connection with such merchandise, shows that the Gillespie-Rogers-Pyatt Co. of New York, placed an order dated November 30, 1950 for #4 first quality mica films at rupees 45-0-0 (currency of India), per pound, with Chatturam Horilram, Ltd. of Kodarma, India.

That based upon his experience in connection with examining and appraising merchandise in the course of his official duties, #4 second quality mica films were at or about the said time, being valued at rupees 35-0-0 per pound f. o. b. Calcutta, India, which price represented the current market value as of the date of exportation of such merchandise.

It is upon this meager record that the court is called upon to determine whether the 30 rupees per pound contended for by plaintiff or the 35 rupees per pound adopted by the appraiser is the proper value of the merchandise, predicated on the basis of foreign value.

Section 402 (c), as amended, *supra*, provides—

The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

Here, as in all reappraisement proceedings, plaintiff has the burden not only of overcoming the presumption of correctness attaching to the appraiser's finding of value, but also of establishing the claimed correct dutiable value. *Kenneth Kittelson* v. *United States*, 40 C. C. P. A. (Customs) 85, C. A. D. 502; *H. S. Dorf & Co., Inc., a./c. Joseph H. Meyer Bros.* v. *United States*, 41 C. C. P. A. (Customs) 183, C. A. D. 548.

In support of its claimed value, the plaintiff has presented the testimony of witness Watts to the effect that he did not know of any higher price than 30 rupees per pound for number 4 second-quality mica film on or about the date of exportation of the instant merchandise,

and the affirmation of the supplier abroad that the price of said mica film on the date of exportation was 30 rupees per pound.

There are no evidentiary facts before the court from which ultimate facts may be drawn that the value of 30 rupees per pound contended for by plaintiff was the market value or the price at the time of exportation at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the usual wholesale quantities and in the ordinary course of trade, as required by section 402 (c), as amended, *supra.* Therefore, the presumption of correctness attaching to the value found by the appraiser has not been overcome.

Accordingly, I find as facts:

1. That the involved merchandise consisted of number 4 second-quality mica film imported from Calcutta, India.

2. That said merchandise was entered at rupees 30–0–0 per pound, f. o. b. Calcutta, and was appraised on the basis of foreign value at rupees 35–0–0 per pound, packed.

3. That the presumption of correctness attaching to the appraised value has not been overcome.

I conclude as matters of law:

1. That foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended, *supra,* is the proper basis for the determination of the value of the mica film here involved.

2. That such value is the appraised value.

Judgment will be entered accordingly.